J-S03023-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN MICHAEL SHALA | : | |
| | : | |
| Appellant | : | No. 779 MDA 2023 |

Appeal from the Judgment of Sentence Entered April 27, 2023
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0001058-2021

BEFORE:  OLSON, J., NICHOLS, J., and BECK, J.

MEMORANDUM BY NICHOLS, J.:          **FILED: MARCH 14, 2024**

Appellant John Michael Shala appeals from the judgment of sentence imposed after he pled guilty to theft by deception.[1]  Appellant's current counsel (Counsel) has filed a petition to withdraw and an ***Anders***/***Santiago***[2] brief.  After review, we deny Counsel's petition to withdraw, vacate the judgment of sentence, and remand for resentencing.

The trial court summarized the facts and procedural history of this case as follows:

> [Appellant] fra[u]dulently made purchases total[]ing $72,685.12 at Lowe's on the account of Champion Builders, Inc. without authorization.

---

[1] 18 Pa.C.S. § 3922(a)(1).

[2] ***Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

On February 17, 2023, [Appellant] entered a guilty plea to one count of theft by deception graded as a felony of the third degree. Sentencing occurred on April 27, 2023, and [Appellant] received a standard range sentence of 12 to 24 months[' incarceration] followed by 5 years' probation based on his prior record score of three. [Appellant] received credit for serving 80 days of incarceration prior to sentencing.

Trial Ct. Op., 7/25/23, at 1 (some formatting altered). The trial court also ordered Appellant to pay $72,685.12 in restitution to the victim, Champion Builders, Inc. **See** N.T., Sentencing, 4/27/23, at 4.

Appellant did not file any post-sentence motions,[3] but filed a timely, counseled notice of appeal. The trial court subsequently granted the motion to withdraw filed by the public defender's office and appointed Counsel on Appellant's behalf. Counsel filed a court-ordered Pa.R.A.P. 1925(b) statement. The trial court subsequently issued an opinion addressing Appellant's claim.

Counsel has identified the following issue in the **Anders**/**Santiago** brief:

Whether the trial court abused its discretion in sentencing the Appellant.

**Anders**/**Santiago** Brief at 1 (formatting altered).

---

[3] On May 25, 2023, Appellant submitted an untimely *pro se* post-sentence motion while still represented by the public defender's office. Even if Appellant's post-sentence motion had been timely filed, there is no right to hybrid representation in Pennsylvania. **See Commonwealth v. Jette**, 23 A.3d 1032, 1036 (Pa. 2011). *Pro se* motions filed when a defendant is represented by counsel generally have no legal effect. **See Commonwealth v. Nischan**, 928 A.2d 349, 355 (Pa. Super. 2007) (concluding, in part, that a represented defendant's *pro se* post-sentence motion was a nullity and did not preserve a challenge to the discretionary aspects of a sentence).

- 2 -

"When faced with a purported **Anders**[/**Santiago**] brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." **Commonwealth v. Wimbush**, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted). Counsel must comply with the technical requirements for petitioning to withdraw by (1) filing a petition for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) providing a copy of the brief to the appellant; and (3) advising the appellant of the right to retain private counsel, proceed *pro se*, or raise additional arguments that the appellant considers worthy of the court's attention. **See Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). In an **Anders**/**Santiago** brief, counsel must set forth the issues that the defendant wishes to raise and any other claims necessary to effectuate appellate presentation of those issues. **Commonwealth v. Millisock**, 873 A.2d 748, 751 (Pa. Super. 2005).

Additionally, counsel must file a brief that meets the requirements established in **Santiago**, namely:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

- 3 -

"Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." **Goodwin**, 928 A.2d at 291 (citation omitted). This includes "an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." **Commonwealth v. Flowers**, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citation and footnote omitted); **accord Commonwealth v. Yorgey**, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*).

Here, Counsel has complied with the procedural requirements for seeking withdrawal by filing a petition to withdraw, sending Appellant a letter explaining his appellate rights, informing Appellant of his right to proceed *pro se* or with private counsel, and supplying Appellant with a copy of the **Anders**/**Santiago** brief. **See Goodwin**, 928 A.2d at 290. Counsel also provided this Court with a copy of his letter to Appellant informing him of his rights. Moreover, Counsel's **Anders**/**Santiago** brief complies with the requirements of **Santiago**. Counsel includes a summary of the relevant factual and procedural history, refers to the portions of the record that could arguably support Appellant's claim, and sets forth the conclusion that the appeal is frivolous. **See Santiago**, 978 A.2d at 361. Accordingly, we conclude that Counsel has met the technical requirements of **Anders** and **Santiago**, and we may address the issue presented in Counsel's **Anders**/**Santiago** brief.

Appellant subsequently filed a *pro se* reply to Counsel's **Anders**/**Santiago** brief.

Before we address the issue presented in Counsel's **Anders**/**Santiago** brief, we will first address an issue identified by Appellant in his *pro se* reply and in the Commonwealth's brief. Both Appellant and the Commonwealth claim that the trial court failed to determine if Appellant was eligible for the Recidivism Risk Reduction Incentive[4] (RRRI) program when imposing sentence. Appellant's *Pro Se* Reply at 1-2; Commonwealth's Brief at 6.[5]

Our Supreme Court has explained that a claim that "the [trial] court failed to impose a RRRI Act sentence where [the defendant's] criminal history did not render him [or her] ineligible implicates" the legality of the sentence and it cannot be waived. **Commonwealth v. Finnecy**, 249 A.3d 903, 912 (Pa. 2021). This Court may "review illegal sentences *sua sponte*" and "[a]n illegal sentence must be vacated." **Commonwealth v. Ramos,** 197 A.3d 766, 768-69 (Pa. Super. 2018) (citations omitted and formatting altered).

"Issues involving statutory interpretation like [RRRI eligibility] implicate questions of law, for which our standard of review is *de novo* and our scope

---

[4] 61 Pa.C.S. §§ 4501-4512.

[5] We note that the Commonwealth attached the pre-sentence investigation report (PSI) to its brief as Appendix "A." However, because the PSI was not included in the certified record, we may not consider it. **See Commonwealth v. Preston**, 904 A.2d 1, 6-7 (Pa. Super. 2006) (*en banc*) (explaining that this Court will not consider a document that is attached to a party's brief, but not included in the certified record); **see also Commonwealth v. Bankes**, 286 A.3d 1302, 1307 n.9 (Pa. Super. 2022) (noting that it is the appellant's "burden to ensure that the certified record is complete" (citation omitted)).

of review is plenary." *Finnecy*, 249 A.3d at 913 (citations omitted); *see also*

*Commonwealth v. Cullen-Doyle*, 164 A.3d 1239, 1241 (Pa. 2017).

"The [RRRI] Act is intended to encourage eligible offenders to complete

Department of Corrections programs that are designed to reduce recidivism.

Eligible offenders may also be able to take advantage of a reduced sentence."

*Cullen-Doyle*, 164 A.3d at 1240 (citations omitted). Pursuant to Section

9756 of the Sentencing Code, at sentencing, "[t]he court shall determine if

the defendant is eligible for a [RRRI] minimum sentence . . . ." 42 Pa.C.S. §

9756(b.1); *see also* 61 Pa.C.S. § 4505(a) (stating that "[a]t the time of

sentencing, the court shall make a determination whether the defendant is an

eligible offender"). "[W]here the trial court fails to make a statutorily required

determination regarding a defendant's eligibility for an RRRI minimum

sentence as required, the sentence is illegal." *Commonwealth v. Robinson*,

7 A.3d 868, 871 (Pa. Super. 2010).

Section 4503, in relevant part, defines the persons eligible for RRRI as

follows:

> A defendant or inmate convicted of a criminal offense who will be committed to the custody of the [D]epartment [of Corrections] and who meets all of the following eligibility requirements:
>
> (1) Does not demonstrate a history of present or past violent behavior.
>
>         \*      \*      \*
>
> (3) Has not been found guilty of or previously convicted of or adjudicated delinquent for or criminal attempt, criminal solicitation or criminal conspiracy to commit murder, a crime of violence as defined in 42 Pa.C.S. § 9714(g) (relating to

- 6 -

sentences for second and subsequent offenses) or a personal injury crime as defined under section 103 of the act of November 24, 1998 (P.L. 882, No. 111),[6] known as the Crime Victims Act, . . .

* * *

(5) Is not awaiting trial or sentencing for additional criminal charges, if a conviction or sentence on the additional charges would cause the defendant to become ineligible under this definition.

61 Pa.C.S. § 4503(1), (3), (5).

Here, at sentencing, the trial court did not make the statutorily required determination regarding Appellant's RRRI eligibility. **See** N.T. Sentencing, 4/27/23, at 2-5. Further, while the sentencing order has a box that states "RRRI Eligible" that was not checked, it does not have a box to indicate that the trial court found that Appellant was **ineligible** for an RRRI minimum sentence. **See** Sentencing Order, 4/27/23. Therefore, Appellant's sentence is illegal, and remand is necessary for the trial court to determine Appellant's RRRI eligibility on the record. **See Robinson**, 7 A.3d at 875.

We also observe that the trial court failed to comply with 18 Pa.C.S. § 1106, when ordering Appellant to pay restitution as part of his sentence. **See Commonwealth v. Wright**, 276 A.3d 821, 827 (Pa. Super. 2022) (explaining that issues related to the trial court's statutory authority to impose a sentence of restitution implicates the legality of the sentence, which cannot be waived and may be raised by this Court *sua sponte*).

---

[6] 18 P.S. § 11.103.

Section 1106 provides, in relevant part:

Upon conviction for any crime wherein . . . property of a victim has been stolen, converted or otherwise unlawfully obtained . . . the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.

\* \* \*

At the time of sentencing the court shall specify the amount and method of restitution. In determining the amount and method of restitution, the court . . . [m]ay order restitution in a lump sum, by monthly installments or according to such other schedule as it deems just.

18 Pa.C.S. § 1106(a), (c)(2)(ii) (formatting altered).

Recently this Court held that a "trial court's failure to specify the method of payment [of restitution] at the sentencing hearing rendered that portion of [the] sentence illegal[]" and vacated the portion of the defendant's sentence that imposed restitution. ***Commonwealth v. Royal***, --- A.3d ---, 2024 PA Super 29, 2024 WL 678060, at *6 (Pa. Super. filed Feb. 20, 2024).[7]

Here, at sentencing, the trial court ordered Appellant to pay $72,685.12 in restitution to Champion Builders, but it did not specify the method of payment (*i.e.*, a lump sum, monthly installments, etc.). ***See*** N.T. Sentencing at 4. Accordingly, we are constrained to conclude that the trial court's failure

---

[7] ***Royal*** was decided after Appellant filed his notice of appeal. "It is well settled that Pennsylvania appellate courts apply the law in effect at the time of the appellate decision." ***Commonwealth v. Conley***, 286 A.3d 313, 317 n.9 (Pa. Super. 2022) (citation omitted and formatting altered). "This means that we adhere to the principle that a party whose case is pending on direct appeal is entitled to the benefit of changes in law which occur before the judgment becomes final." ***Id.*** (citation omitted).

to specify the method of payment of restitution at the sentencing hearing also resulted in an illegal sentence. **See Royal**, 2024 WL 678060, at *6; **see also** 18 Pa.C.S. § 1106(c)(2)(ii).

Additionally, both Appellant and the Commonwealth contend that the trial court committed reversable error by failing to afford Appellant his right of allocution at sentencing. Appellant's *Pro Se* Reply at 1; Commonwealth's Brief at 5 (citing **Commonwealth v. Hardy**, 99 A.3d 577, 580 (Pa. Super. 2014)).

This Court has explained that "to preserve a claim of error pertaining to the right of allocution, the defendant must raise the claim before the trial court at the time of sentencing or in a post-sentence motion, or suffer waiver of the claim on appeal." **Hardy**, 99 A.3d at 579 (citing **Commonwealth v. Jacobs**, 900 A.2d 368, 372 (Pa. Super. 2006) (*en banc*)). In **Jacobs**, this Court explained that the right of allocution is rule based, and it is governed by Pa.R.Crim.P. 704(C)(1) and that "the right of allocution is of paramount importance, and . . . the sentencing court has a mandatory duty to advise a defendant of his right of allocution and that a defendant who establishes a violation need not demonstrate prejudice in order to obtain relief." **Jacobs**, 900 A.2d at 375 (citation omitted). This Court further explained that "as early as 1962, the United States Supreme Court rejected the notion that failure to grant allocution creates an illegal sentence." **Id.** at 376 (citing **Hill v. United States**, 368 U.S. 424 (1962)). Therefore, the **Jacobs** Court held that "a denial of the right of allocution does not create a non-waivable challenge to

the legality of the sentence. . . . Failure to grant a defendant this important right undoubtedly constitutes legal error. On the other hand, like most legal errors, it is nevertheless waivable under Pennsylvania law." *Id.* at 376-77 (citation and footnote omitted).

Here, Appellant did not raise any issue regarding the denial of his right of allocution at sentencing or in a timely post-sentence motion. Therefore, we are constrained to conclude that this claim is waived as it relates to the original sentence. *See Hardy*, 99 A.3d at 579; *Jacobs*, 900 A.2d at 375-77. As stated above, we have concluded that the judgment of sentence must be vacated on other grounds. Therefore, we remind the trial court that at the resentencing in this matter, Appellant must be informed of and afforded his right of allocution. *See Hardy*, 99 A.3d at 580; *see also* Pa.R.Crim.P. 704(C)(1) (stating that "[a]t the time of sentencing, the judge shall afford the defendant the opportunity to make a statement in his or her behalf").

Because we conclude that Appellant's sentence is illegal, we deny Counsel's petition to withdraw, vacate the judgment of sentence, and remand for resentencing consistent with this memorandum.[8]

_____

[8] In light of our disposition, we decline to address the issue Counsel identified in his *Anders*/*Santiago* brief and those that Appellant raised in his *pro se* reply which relate to the conduct of the sentencing hearing and/or the discretionary aspects of Appellant's sentence. *See generally Commonwealth v. Barnes*, 167 A.3d 110, 125 n.13 (Pa. Super. 2017) (*en banc*) (concluding that when this Court remands a matter for resentencing, the Court "need not address" the defendant's challenge to the discretionary aspects of his sentence and stating that "[w]hen a sentence is vacated and the case remanded for resentencing, the sentencing judge should start afresh" (citation omitted)).

Counsel's petition to withdraw denied.  Judgment of sentence vacated.

Case remanded with instructions.  Jurisdiction relinquished.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 03/14/2024